# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DARRIN LYNN PICKENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 15-CV-504-JHP-PJC** |
| | ) | |
| **STEVE KUNZWEILER,** | ) | |
| **District Attorney for Tulsa County;** | ) | |
| **DISTRICT COURT OF TULSA COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

On August 28, 2015, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil

rights complaint (Dkt. #1) requesting DNA testing of evidence in his state criminal case under

Oklahoma's Postconviction DNA Act.  For the reasons discussed below, this action shall be

dismissed for failure to state a claim upon which relief may be granted.

### BACKGROUND

Plaintiff was convicted in Tulsa County District Court (TCDC), Case No. CF-1990-717, of

Robbery with a Firearm, After Former Conviction of a Felony; Shooting with Intent to Kill, After

Former Conviction of a Felony; Assault with Intent to Kill, After Former Conviction of a Felony;

and First Degree Murder.  Dkt. #1 at 97.  Plaintiff was sentenced to death on the murder conviction.

His convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals (OCCA)

on direct appeal.  The OCCA also denied Plaintiff's request for post-conviction relief.

Plaintiff proceeded to seek habeas corpus relief from his convictions and sentences in federal

court.  After this Court denied relief, the Tenth Circuit Court of Appeals reversed, granting habeas

relief from the death sentence.  Pickens v. Gibson, 206 F.3d 988, 996-97 (10th Cir. 2000).  The case

was remanded to TCDC for a new sentencing trial.  Petitioner waived jury trial on resentencing in exchange for a sentence of life imprisonment without the possibility of parole.

After filing multiple unsuccessful applications for post-conviction relief, Plaintiff filed his first motion requesting DNA testing in TCDC on November 4, 2013.  (Dkt. # 1 at 92).  On March 17, 2014, TCDC denied the motion because Plaintiff failed to attach the required affidavit and, therefore, was not eligible for DNA testing pursuant to Okla. Stat. tit. 22, § 1373.2.(C).  Id.  Plaintiff did not appeal.  Id. at 98.  Instead, on March 28, 2014, Plaintiff filed a second motion.  Id. 93.  In a thorough Order, id. at 84-95, TCDC denied the motion, finding as follows:

> 22 O.S. § 1373.4(A) states in pertinent part that "[a] court shall order DNA testing only if the court finds the request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to [unreasonably] delay the execution of the sentence or the administration of justice.["]
>
> The Court agrees with the State in that this appears to be the first instance wherein the Petitioner has claimed that someone else committed the offenses for which the Petitioner was convicted.  The Petitioner did not testify at trial, or present any kind of defense to the charges brought by the State of Oklahoma.  Further, neither in his direct appeal or his numerous applications for post-conviction relief has the Petitioner made a claim of "actual innocence," until now.  Instead, the Petitioner has consistently attacked [the] admissibility of his confessions admitted at trial; and urged the ineffectiveness of both his trial and appellate counsel.
>
> Further the Court agrees that with respect to the affidavit submitted by the Petitioner with his request for DNA testing, the Petitioner would have the Court believe that all in an effort to "protect" an individual whom the Petitioner does not name, the Petitioner went to trial charged with the most serious of offenses and was sentenced to death always knowing that he never committed these offenses.  Of course, as the State notes it is just as likely, and far more plausible that the Petitioner, who is facing [] two separate life without parole sentences has simply concocted a story in an effort to seek redress once again, this time through the recent legislative enactment of the "Postconviction DNA Act."
>
> Based on the foregoing the Court finds that Petitioner's request for DNA testing is not made to demonstrate the innocence of the Petitioner and is in fact made to unreasonably delay the execution of the Petitioner's sentence and the administration of justice.

Id. at 93-94 (footnote omitted).  The district court also found that Plaintiff "has not raised an issue in this second motion that either was nor or could not have been raised in his first post-conviction motion requesting DNA testing." Id. at 94.  Plaintiff appealed and, on May 4, 2015, in Case No. PC-2015-195, the OCCA imposed a procedural bar and, on that basis, affirmed TCDC's order denying Plaintiff's motion.  Id. at 100.

On August 28, 2015, Plaintiff filed the instant civil rights complaint (Dkt. # 1).  In his complaint, Plaintiff claims that investigators collected various items that may contain DNA evidence during the investigation that followed his arrest and that "[t]o this day the Tulsa County district [attorney's] office [has] intentionally withheld those DNA results from Petitioner and the Court." Id. at 2-3.  Plaintiff states that "[a]ll of that forensic DNA evidence still exist[s] and the [Plaintiff] is requesting forensic DNA testing with new technology." Id. at 3.  In his request for relief, Plaintiff seeks "[f]orensic DNA testing under new state law." Id. at 4.

## ANALYSIS

### A.     Screening/Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must contain  "enough facts to state a claim

to relief that is plausible on its face." Id. at 570.  A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff.  Id. at 555.  However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.  Id. at 558.  The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.  Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, the Court should liberally construe a pro se plaintiff's complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  The generous construction the Court gives the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A reviewing court need not accept "mere conclusions characterizing pleaded facts,"  Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990) (citation omitted), and a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (citation omitted).  Even so, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall, 935 F.2d at 1110.

4

**B.       DNA Testing**

The Supreme Court has rejected the idea that individuals who have been convicted of crimes have a substantive due process right to access DNA evidence.   Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 72-74 (2009).   Even though these individuals do not have a substantive due process right to access DNA evidence, they may "have a liberty interest in demonstrating [their] innocence with new evidence under state law."   Id. at 68.   In Osborne, the Supreme Court determined that an Alaska law, providing that "those who use 'newly discovered evidence' to 'establis[h] by clear and convincing evidence that [they are] innocent' may obtain 'vacation of [their] conviction or sentence in the interest of justice,'" created a liberty interest in demonstrating innocence with new evidence.   Id.   While such a 'state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right,' id., the Supreme Court held that a state has "flexibility in deciding what procedures are needed in the context of postconviction relief."   Id. at 69.   "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided."   Id.

While the Court may consider challenges to state laws restricting individuals' access to potentially exculpatory DNA evidence on procedural due process grounds, this Court lacks subject matter jurisdiction to hear a suit directly challenging a state court's ruling.   Skinner v. Switzer, 562 U.S. 521, 532 (2011) ("[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." (citations and footnote omitted)).   The Rooker-Feldman doctrine precludes lower federal court review of a direct challenge to a state court judgment.   Id. at 531-33; McKithen v. Brown, 626 F.3d 143, 154-55 (2d Cir. 2010);

Cooper v. Ramos, 704 F.3d 772, 777-79 (9th Cir. 2012); Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1262-64 (11th Cir. 2012); Dawson v. Suthers, No. 14-CV-01919-MSK-NYW, 2015 WL 5525786 at *4 (D. Colo. Sept. 21, 2015) (unpublished).[1]  The Rooker-Feldman doctrine applies to cases where "[t]he losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment."  Skinner, 562 U.S. at 531 (footnote omitted).  Lower federal courts lack subject matter jurisdiction over such cases as Congress has 'vest[ed] authority to review a state court's judgment solely in [the Supreme] Court.'  Id. at 532.

**1.  Challenge based on allegedly withheld evidence**

As stated above, Plaintiff alleges that, during the investigation that preceded his criminal convictions, law enforcement officers collected DNA evidence but "[t]o this day the Tulsa County district attorney's office [has] intentionally withheld those DNA results from Petitioner and the Court."  Dkt. #1 at 3.  The Court liberally construes Plaintiff's complaint to allege a violation of Brady v. Maryland, 373 U.S. 83 (1963).  In Osborne, the Supreme Court held that states do not have "an obligation to comply with the principles of Brady . . . . after the defendant [is] convicted and the case is closed," and Brady is inapplicable to situations where an individual seeks access to DNA evidence after conviction.  Osborne, 557 U.S. at 68.  Relief under § 1983 cannot be granted on the basis of an alleged Brady violation.  Instead, Plaintiff's remedy for any alleged Brady violation is provided by habeas corpus.  Skinner, 562 U.S. at 536-37.

---

[1] This unpublished opinion is not precedential but is cited for its persuasive value.  See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## 2. Challenge to state court judgment

Plaintiff alleges that after he "was arrested for first degree murder, robbery, assault with intent, [and] shooting with intent," investigators collected several items of DNA evidence.  Dkt. #1 at 2-3.  According to Plaintiff, "[a]ll of that forensic DNA evidence still [exists] and [Plaintiff] is requesting forensic DNA testing with newer technology."  Id. at 3.  Plaintiff filed two motions in TCDC requesting DNA testing.  Id. at 98.  TCDC rejected both of Plaintiff's motions, and the OCCA affirmed TCDC's denial of Plaintiff's second motion.[2]  Id. at 98, 100.

To the extent Plaintiff asks this Court to review and overturn the state court rulings, this Court lacks subject matter jurisdiction to address Plaintiff's complaint.  Skinner, 562 U.S. at 531-33. Plaintiff's claim is barred by the Rooker-Feldman doctrine as Plaintiff (1) filed suit in this Court after the state proceedings ended, (2) complains that because of the state court judgment against him he has not received the DNA testing to which he believes he is entitled, and (3) asks this Court to review the state court's judgment and reverse it, granting him the DNA testing under Oklahoma state law.  Id. at 531. Because this Court lacks jurisdiction to consider Plaintiff's claim challenging the state court judgment, the complaint fails to state a claim upon which relief may be granted.

## 3. Procedural due process

Even if the Court reads Plaintiff's complaint to challenge the constitutionality of Oklahoma's statute providing for DNA testing on procedural due process grounds, the complaint fails to state a claim upon which relief may be granted.  To prevail on this claim, Plaintiff must first demonstrate that state law created a liberty interest in demonstrating innocence with new evidence. See Osborne, 557 U.S. at 68.  Here, Oklahoma's Postconviction DNA Act provides that:

---

[2] Plaintiff did not appeal TCDC's denial of his first motion.  Dkt. #1 at 98.

If the results of the forensic DNA testing conducted under the provisions of this act are favorable to the petitioner, the court shall schedule a hearing to determine the appropriate relief to be granted. Based on the results of the testing and any other evidence presented at the hearing, the court shall thereafter enter any order that serves the interests of justice including, but not limited to, any of the following:

1. An order setting aside or vacating the judgment of conviction . . . .

Okla. Stat. tit. 22, § 1373.5(A). Because it allows for the vacation of a conviction, or other appropriate relief, upon a showing of favorable DNA test results, this statute is sufficient to create a liberty interest in demonstrating innocence with new evidence. See Osborne, 557 U.S. at 68.

Second, the Court must determine whether the procedures established by the state are fundamentally inadequate to allow "realization of the parent right." Id. at 69. Because "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man, . . . . [t]he State accordingly has more flexibility in deciding what procedures are needed in the context of postconviction relief." Id. at 68-69. "[D]ue process does not dictat[e] the exact form" the procedure for obtaining DNA testing must take, as long as it does not "offend[] some [fundamental] principle of justice" or "transgresses any recognized principle of fundamental fairness in operation." Id. at 69 (internal quotation marks and citations omitted). In Osborne, the Supreme Court found that, even though the Alaska statutes governing access to DNA testing placed limits on an offender's access to DNA evidence, the statute did not violate procedural due process where it "provide[d] a substantive right to be released on a sufficiently compelling showing of new evidence that establishes innocence[,] [] exempt[ed] such claims from otherwise applicable time limits," and provided a process for discovery. Id. at 69-70.

The Court cannot find that Oklahoma's procedures are fundamentally inadequate to vindicate the liberty interest in demonstrating innocence with new evidence. See id. at 69. An individual may

file a motion for DNA testing "[n]otwithstanding any other provision of law concerning postconviction relief." Okla. Stat. tit. 22, § 1373.2(A). Individuals may obtain DNA testing regardless of whether they are incarcerated, pled guilty, or were deemed to have confessed to the crime, if they comply with the other requirements of the statute. Id. Those requirements include that the DNA evidence "[w]as not previously subjected to DNA testing; or . . . can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous DNA test." Id. § 1373.2(B). The individual must also provide a sworn affidavit "containing statements of fact in support of the motion." Id. § 1373.2(C). If the results of the DNA testing are favorable to the petitioner, the state district court will hold a hearing, and the judge may order the conviction vacated. Okla. Stat. tit. 22, § 1373.5(A). The Court finds that Oklahoma's procedures "are not inconsistent with the traditions and conscience of our people or with any recognized principle of fundamental fairness." Osborne, 557 U.S. at 69-70 (internal quotation marks and citation omitted). Therefore, they do not violate procedural due process. Because the complaint fails to state a claim for violation of Plaintiff's procedural due process rights, it shall be dismissed.

For the reasons stated above, Plaintiff's complaint fails to state a claim upon which relief may be granted and shall be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## C. Second "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed in forma pauperis. See Dkt. # 4. His complaint fails to state a claim upon which relief may be granted and is dismissed for that reason. This dismissal shall count as Plaintiff's second "prior occasion" under 28 U.S.C. § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or

proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").[3]

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  Plaintiff's complaint (Dkt. # 1) is **dismissed** without prejudice.

2.  The Clerk is directed to **flag** this dismissal as Plaintiff's second "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3.  A separate judgment shall be entered in this matter.

**DATED** this 25th day of April, 2016.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[3] On April 18, 2016, Plaintiff's civil rights complaint, filed in N.D. Okla. Case No. 15-CV-503-TCK-FHM, was dismissed without prejudice for failure to state a claim. That dismissal counted as Plaintiff's first "prior occasion" under 28 U.S.C. § 1915(g).